IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENRICK SHERN WILKERSON, #1885146, | § § | |
| Petitioner, | § § | |
| v. | § | 3:14-CV-0476-P-BK |
| | § | |
| WILLIAM STEPHENS, Director TDCJ-CID, | § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was automatically referred to the United States Magistrate Judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. For the reasons that follow, it is recommended that the petition be denied.

**I. BACKGROUND**

Petitioner was convicted of compelling prostitution of a child, sexual performance of a child, and sexual assault of child, and was sentenced to 8 years' imprisonment for each offense. *State v. Wilkerson*, Nos. F08-60213, F10-01183, and F10-01184 (Crim. Dist. Court No. 3, Dallas County, Dec. 17, 2010), *aff'd*, Nos. 05-11-00060-CR, 05-11-00061-CR, 05-11-00062-CR, 2012 WL 2877623 (Tex. App.—Dallas, 2012, pet. ref'd). The Texas Court of Criminal Appeals denied Petitioner's state habeas applications without a written order. *Ex Parte Wilkerson*, Nos. 77,138-14 and -15. (Tex. Crim. App. Sep. 11, 2013) [Doc. 47-1 at 2; Doc. 47-6 at 2].

In this timely federal petition, Petitioner challenges the sufficiency of the arrest warrants and alleges (1) he was never arrested and arraigned in cause numbers F10-1183 and F10-1184; (2) counsel rendered ineffective assistance at trial; and (3) the police and the prosecutor engaged

in misconduct. [Doc. 2 at 6-7]. Respondent argues the petition lacks merit, and Petitioner has filed a reply. [Doc. 53; Doc. 85].[1]

## II. ANALYSIS

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner bears the burden of establishing that he is entitled to relief. Woodford v. Visciotti, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." Harrington v. Richter, 562 U.S. ---, ---, 131 S. Ct. 770, 786, 788 (2011); Woodford, 537 U.S. at 24 (citation and internal quotation marks omitted). The deferential standard of review applies even where the state court, as in this case, summarily denied the state application without written order. See Richter, 131 S. Ct. at 785 ("§2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

---

[1]The administrative record includes *inter alia* the clerk's records [Doc. 34-3; Doc. 34-6; Doc. 34-7] and the state habeas court records [Doc. 47-1 and Doc. 47-6], referenced throughout this recommendation.

Petitioner's object to the substitution of Director Stephens for Warden Baggett as the Respondent in this case. [Doc. 8 at 1]. The Court rejects Petitioner's objection.

**Defective Arrest Warrants, No arrest and No Arraignment** (Claims 1-2)

Petitioner asserts the arrest warrants in cause numbers F10-01183 and F10-01184 were defective because they were issued after he was indicted, the warrants contained the notation "DISMISSED ON MOTION OF DISTRICT ATTORNEY," and he was never arraigned on the new charges. [Doc. 2 at 6.] As to the latter, he states he never appeared before a magistrate judge, and also did not have an opportunity to post bail, an examining trial, or his Miranda rights read to him. [Doc. 2 at 6.] The record does not support Petitioner's claims, however.

In October 2008, after being charged with compelling prostitution of a child in cause number F08-60213, Petitioner remained free on a $25,000 bond for over two years. [Doc. 34-7 at 5, 13]. On November 22, 2010, he was indicted for sexual performance of a child and sexual assault of a child in cause numbers F10-01183 and F10-01184. [Doc. 34-3 at 5; Doc. 34-6 at 4]. Since the new charges stemmed from the same course of events as the 2008 charge, the criminal proceedings were consolidated. *See* Online docket sheets for Nos. F10-01182 and F10-01185. While Petitioner was also charged with sexual performance of a child and compelling prostitution in cause numbers F10-01182 and F10-01185, those cases were dismissed by the district attorney on December 30, 2010, shortly after Petitioner was convicted on the charges in cause numbers F08-60213, F10-01183, and F10-01184. *Id.*

Petitioner argues at length that he was never arrested after his indictment on the 2010 charges. [Doc. 2 at 6; Doc. 11 at 1-2; Doc. 17 at 1; Doc. 85 at 3, 4-5]. However, as Respondent notes, Petitioner did not have a "constitutional right to be arrested." *See United States v. Archbold-Newball*, 554 F.2d 665, 675 (5th Cir. 1977) (citing *Hoffa v. United States*, 385 U.S. 293, 310 (1966) for proposition that police do not have to execute warrant). In addition, he offers no legal reason -- and the court has found none -- why the State could not add new charges

after his initial indictment in cause number F08-60213, especially where the charges were all related.  Additionally, the stamped notation on the 2010 arrest warrants -- "DISMISSED ON MOTION OF DISTRICT ATTORNEY" [Doc. 2 at 14] -- appears to have been a clerical error, particularly since the same stamped notation is present on the arrest warrants for cause numbers F10-01182 and F10-01185, which were dismissed on December 30, 2010.[2]

Even assuming a procedural defect because of no formal arrest on the 2010 charges, Petitioner is not entitled to habeas corpus relief.  "[I]llegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).  Also, "a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Id.*; *see also United States v. Quimby*, 636 F.2d 86, 89 (5th Cir.1981) ("A defendant cannot upset his conviction on the argument no probable cause was previously shown.").  Moreover, contrary to Petitioner's assertions, the trial court properly arraigned him outside of the presence of the jury panel before *voir dire* began.  [Doc. 25-2 at 4]. After the trial judge explained to Petitioner the charges he faced, Petitioner pled not guilty. [Doc. 25-2 at 4-11].  *See* TEX. CODE CRIM. PROC. art. 26.02 (an arraignment is a procedure to determine the identity and the plea of the person charged); *Posey v. State*, 840 S.W.2d 34, 36-37 (Tex. App. – Dallas, 1992) (noting that the trial court correctly arraigned the defendant following the pretrial motions outside the presence of the jury panel and before beginning of *voir dire*).

Thus, the state court's denial of relief on Petitioner's first two grounds was not contrary to or an unreasonable application of federal law.  Accordingly, these claims fail.

---

[2] An electronic copy of the arrest warrants is available on the Dallas County Website.  *See* November 29, 2010 docket entry on each docket sheets.

**Ineffective Assistance of Counsel** (Claim 3)

Petitioner makes various claims of ineffective assistance of counsel. [Doc. 2 at 7]. The Court reviews each of these claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In support of his ineffective assistance claims, Petitioner entirely asserts:

On 11/29/2010 defense counsel Calvin D. Johnson told me that the FBI was tapping my cell phone, after he had informed me that Dallas Police filed new felony warrants on me for cause nos. F10-01182, F10-01183, F10-01184, F10-01185. Johnson asked me to meet him in CDC No. 3 on 12/3/2010 where he tricked me into signing some PR bonds, while never in any custody. Judge Gracie G. Lewis signed them without my knowledge. On 12/14/2010, I was selecting a

> jury for cause nos. F10-01183 & F10-01184, without no arrest and no arraignments. Calvin D. Johnson never filed for a pretrial hearing, he never filed any motions for cause nos. F10-01183 and F10-01184. He never hired any private investigators; he told me I was not allowed to have any witnesses; he never interviewed anyone; he never brought anything to trial; never made no objections when the complainant said I pulled a gun on her and raped her without a condom; and he planned the illegal convictions with the prosecution.

[Doc. 2 at 7].

Petitioner's claims are conclusory and should be summarily dismissed. His bare assertions of ineffective assistance of trial counsel are clearly vague and insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Without any specific allegation explaining that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced, Petitioner cannot raise an issue of constitutional import. Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Pineda*, 988 F.2d at 23 (quotations and quoted case omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value."); *West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir. 1996) ("the court need not blindly accept speculative and inconcrete claims") (quoted case omitted).

Nevertheless, even when liberally construed, Petitioner's pleadings do not show that counsel's performance was deficient or that it prejudiced him. As discussed above in relation to claims 1 and 2, Petitioner's complaints regarding the failure to arrest and properly arraign him on the subsequently-indicted charges are without merit; thus, counsel lacked a non-frivolous basis for objection. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of

reasonableness"). Likewise, Petitioner does not present any factual support for counsel's alleged failure to investigate. *See Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000) (allegations of a counsel's failure to investigate must include with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial"). Moreover, while "'[a]n attorney has a duty to independently investigate the charges against his client,' counsel's failure to hire an investigator, standing alone, is not indicative of ineffective assistance." *Brown v. Cain*, 535 Fed.Appx. 356, 357 (5th Cir. 2014) (quoting *Bower v. Quarterman*, 497 F.3d 459, 467, 470 (5th Cir. 2007) (rejecting claim because the petitioner had presented no evidence from his defense team regarding counsel's pretrial investigation and representation). In addition, Petitioner neither identifies witnesses who were available and willing to testify, nor claims that their testimony would have been favorable. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (to demonstrate the requisite *Strickland* prejudice, a habeas petitioner must show that a witness would have testified at trial and that the testimony would have been favorable) (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).

Petitioner cannot overcome the strong presumption that he received effective assistance of counsel at trial. The state court's denial of relief on these grounds was a reasonable application of federal law. Accordingly, his claims lack merit.

### Police and Prosecutorial Misconduct (Claim 4)

Next, Petitioner claims that the failure to "produce any arraignment sheets . . . arrest reports/records" or an "arrest affidavit" for cause numbers F10-01183 and F10-01184 constituted police misconduct. [Doc. 2 at 7]. He also asserts the prosecutor "coerced the complainant . . . into lying under oath" and "attempted to coerce the State's witness Terri Jennings into saying [he] made her prostitute." [Doc. 2 at 7].

Upon review, the Court finds that these contentions, also conclusory, lack merit as well. First, while Petitioner seeks to recast his already-rejected contentions relating arrest and arraignment procedures as police misconduct, he fails to substantiate his claims. He also fails to offer any factual or legal support for his allegations of prosecutorial misconduct. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (Without evidence in the record, "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). In any event, his bare assertions do not establish that material, false or misleading testimony was admitted at trial. *See Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000) (quoting *Giglio v. United States*, 405 U.S. 150, 153 (1972)) (to prove a Due Process Clause violation based on the state's reliance on false testimony, the defendant must establish: "(1) that a witness for the State testified falsely; (2) that such testimony was material; and (3) that the prosecution knew that the testimony was false."); *see also Napue v. Illinois*, 360 U.S. 264, 269, 271 (1959).

Thus, because the state court's determination of these issues was neither contrary to, nor involved an unreasonable application, of clearly established federal law, this claim fails.

### **Evidentiary Hearing and Discovery Not Required**

Petitioner requests an evidentiary hearing. [Doc. 49 at 1]. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. Petitioner cannot overcome the limitation of

section 2254(d)(1) on the record that was before the state court.  Accordingly, he is not entitled to an evidentiary hearing.

Petitioner has also submitted a number of discovery motions, however, he has not demonstrated good cause to permit discovery.  *See* Rule 6 of the Rules Governing Section 2254 Proceedings for the United States District Courts (granting district courts discretion to authorize discovery only upon a showing of good cause); *see also Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997) (addressing good cause standard).  "[T]o establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'"  *Lave v. Dretke*, 416 F.3d 372, 381 (5th Cir. 2005) (quoting *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir.1994)).  Thus, he is not entitled to conduct discovery.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED January 23, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE