**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SENRICK SHERN WILKERSON,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **v.** | § | **3:14-CV-00476-P-BK** |
| | § | |
| **WILLIAM STEPHENS DIRECTOR** | § | |
| **TDCJ-CID,** | § | |
| **Respondent.** | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE, AND**
**DENYING A CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. Petitioner filed objections along with and affidavit and motions seeking an explanation and an evidentiary hearing. [Doc. 120, Doc. 121, Doc. 122, Doc. 123, Doc. 124].

In his objections, Petitioner reiterates at length the claims that he was never arrested or arraigned on the 2010 charges, and that he never had the opportunity to appear before a judge to post bail or for an examining trial, which the Magistrate Judge addressed in the findings and recommendation. Petitioner also appears to raise a new claim. In essence, he states that defense counsel filed a motion for new trial on December 17, 2010, and that the trial court granted the same on January 5, 2011. [Doc. 122 at 2]. Petitioner maintains that he was unaware of the motion for new trial and order granting the same because neither the court nor counsel notified him. He also states that he first learned of the motion for new trial and order after receiving the clerk's record in June 2014. [Doc. 122 at 3, 17-18].

"Although issues raised for the first time in objections to a magistrate's report [and recommendation] are generally not properly before the district court, a district court may

construe the presentation of an issue in this posture as a motion to amend the underlying pleading." *Hale v. Young*, 584 F. App'x 246, 247 (5th Cir. 2014) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir.1992), *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996)).   Here, even assuming a motion to amend to raise a constitutional claim relating to the filing/granting of the motion for new trial, Petitioner has not shown that the new claim is timely. *See* 28 U.S.C. § 2244(d)(1); *Mayle v. Felix*, 545 U.S. 644, 650, 659-664 (2005) (new claims do not automatically relate back merely because they arose out of the same trial and conviction). Additionally, notwithstanding timeliness, the record does not support Petitioner's contention that the state trial court granted him a new trial.[1]

  While counsel submitted a motion for new trial to the state clerk for filing on December 17, 2010 (the last day of jury trial), the motion was never granted.[2]   [Doc. 34-3 at 21; Doc. 34-6 at 25; Doc. 34-7 at 42].   The motion for new trial was stamp filed and docketed on January 5, 2011.   [*Id.* and online docket sheets for Cause Nos. F08-60213, F10-01183, and F10-01184].[3] While a motion for new trial with "correction" was docketed on July 7, 2011, the documents are identical, both stamp filed on January 5, 2011, with the only difference being the notations in the order portion of the motion.   *See* Exhibits A and B and online docket sheets.   In the former, the order portion of the motion is left blank.   *See* Exhibit A.   In the latter, illegible markings appear over the order portion of the motion, and immediately below is a handwritten and signed

---

[1] The Court can deny Petitioner's new claim even if unexhausted.   28 U.S.C. § 2254(b)(2); *Miller v. Dretke*, 431 F.3d 241, 245 (5th Cir. 2005).

[2] Contemporaneously, counsel filed a notice of appeal, which contains a notation reflecting the filing of the motion for new trial.   [Doc. 34-3 at 22, Doc. 34-6 at 12; Doc. 34-7 at 43].

[3] Although the motion is stamp filed on January 5, 2010, there appears to have been a clerical error since the judgment was entered on December 17, 2010.   In addition, while the docket sheet for Cause No. F10-01184 does not contain a docket entry on January 5, 2011, the case number is clearly reflected on the imaged documents in the other two cases.   All docket sheets cited and imaged documents are available on the Dallas County Website.

notation, dated July 7, 2011, that seems to state: "I did not rule on this." *See* Exhibit B.  The latter image is identical to the one in the state court record filed in this case.  [Doc. 34-3 at 21; Doc. 34-6 at 25; Doc. 34-7 at 42].

A thorough review of the state court record confirms the trial court did not timely rule on the motion for new trial within 75 days of sentencing and, thus, the motion for new trial was denied by operation of law.  *See* Tex. R. App. P. 21.8(c).  Petitioner has presented nothing to the contrary.  Accordingly, his new claim has no merit and is denied.

The Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.  The objections are overruled, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.  Petitioner's motions seeking an explanation and an evidentiary hearing [Doc. 120, Doc. 121, Doc. 124] are **DENIED**.

IT IS THEREFORE ORDERED the petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability.  The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition

states a valid claim of the denial of a constitutional right" and "debatable whether [this Court]

was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

       In the event Petitioner files a notice of appeal, he must pay the $505.00 appellate filing

fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 5th day of March, 2015.


_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE


---

[1] As amended on December 1, 2009, Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts reads as follows:

    **(a) Certificate of Appealability.**  The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

    (**b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules.  A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

# EXHIBIT A

DRAWER #38

FILED

2010 JAN -5 PH 2: 28

GARY ~~~~~~
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

Received 12/17/10

THE STATE OF TEXAS                CAUSE NO.   F08-60213
                                             F10-01183
                                             F10-01184

VS.                               Criminal      DISTRICT COURT #3

Senrick Wilkerson                 DALLAS COUNTY, TEXAS

## DEFENDANT'S MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant in the above cause and by his
Attorney, and moves the Court to grant him a New Trial herein
for the good and sufficient reason that the verdict is contrary
to the law and the evidence.

WHEREFORE, Defendant prays the Court grant a new trial herein.

Respectfully submitted,

_____
Attorney for Defendant

## ORDER

The above Motion is hereby (granted) (overruled).

_____
Judge

**EXHIBIT B**

*DRAWER #38*

*FILED*

*2010 JAN -5 PH 2: 28*

THE STATE OF TEXAS   CAUSE NO. *F08-60213*
*F10 - 01183*
*F10 - 01184*

VS.

*Senaick Wilkerson*

*Criminal* DISTRICT COURT *#3*

DALLAS COUNTY, TEXAS

## DEFENDANT'S MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant in the above cause and by his
Attorney, and moves the Court to grant him a New Trial herein
for the good and sufficient reason that the verdict is contrary
to the law and the evidence.

WHEREFORE, Defendant prays the Court grant a new trial herein.

Respectfully submitted,

_____
Attorney for Defendant

## ORDER

The above Motion is hereby (granted) (denied)

_____
Judge

*7/7/11*

*I did not order this.*